UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN RYAN,

          Plaintiff,

          v.                     CAUSE NO.: 3:19-CV-623-JD-MGG

JON BOYD, et al.,

          Defendants.

OPINION AND ORDER

Kevin Ryan, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Ryan alleges that, at the Laporte County Jail, he was housed in an area that was also used as an indoor recreation area due to an overcrowded jail. In that room, a kiosk allows inmates to visit with friends and family through a video feed, and the camera faces directly at the door of a small bathroom, which has no lock or

vacancy indicator. On April 29, 2019, while Ryan was nude and occupying the toilet, an inmate opened the door, which exposed him to the kiosk camera as another inmate visited with his family. To Ryan's humiliation, frames from this video feed were captured and placed on social media. As a result, Ryan has experienced difficulty sleeping, panic attacks, increased anxiety, vomiting, and nausea.

Ryan asserts a claim against the jail officials for placing him in the housing conditions that allowed these humiliating circumstances to occur, which he describes as cruel and unusual punishment. Because Ryan was a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Nevertheless, to prevail on such a claim, pretrial detainees "must prove that the defendant possessed a purposeful, a knowing, or possibly a reckless state of mind with respect to the defendant's actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015). "Stated

differently, liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Id.*

The complaint describes an unfortunate confluence of events, but it does not suggest that Ryan was subjected to housing conditions that amount to punishment. To start, it is simply not plausible to characterize facing a kiosk camera towards a bathroom door and not equipping bathroom doors with locks or vacancy indicators as inherently punitive acts. To Ryan's point, an inmate opening the bathroom door without any effort to verify whether it is occupied is discourteous and embarrassing to the occupant; the conduct of those posting images of Ryan on social media is reprehensible; and the conditions that allowed these acts to occur may not be ideal. However, the complaint contains no indication that the defendant jail officers were personally involved with exposing Ryan to the camera or that they had any basis to believe that such exposure was likely to occur. Consequently, these allegations do not state a plausible claim under the Fourteenth Amendment, and Ryan may not proceed this complaint.

Nevertheless, the court will give Ryan the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. However, Ryan should file an amended complaint only if, after reviewing this order, he believes that he has a meritorious federal claim.

For these reasons, the court:

(1) **GRANTS** Kevin Ryan until <u>February 28, 2020</u>, to file an amended complaint; and

(2) **CAUTIONS** Kevin Ryan that, if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on January 28, 2020

_____/s/JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT