UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN RYAN,

    Plaintiff,

    v.      CAUSE NO.: 3:19-CV-623-JD-MGG

LAPORTE COUNTY JAIL, et al.,

    Defendants.

OPINION AND ORDER

Kevin Ryan, a prisoner without a lawyer, filed an amended complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Ryan alleges that, at the Laporte County Jail, he was housed in an area that was also used as an indoor recreation area due to an overcrowded jail. In that room, a kiosk allows inmates to visit with friends and family

through a video feed, and the camera faces directly at the door of a small bathroom, which has no lock or vacancy indicator. On April 29, 2019, while Ryan was nude and occupying the toilet, an inmate opened the door, which exposed him to the kiosk camera as another inmate visited with his family. To Ryan's humiliation, frames from this video feed were captured and placed on social media. As a result, Ryan has experienced difficulty sleeping, panic attacks, increased anxiety, vomiting, and nausea.

In a previous order, the court denied Ryan leave to proceed on these allegations, finding that they described an unfortunate sequence of events rather than the result of the defendants' intentional or reckless conduct and that Ryan did not describe how the defendants were personally involved. ECF 9. In the amended complaint, Ryan explains that he complained about the risk of exposure to Officer Hildebrandt and Sergeant Wilcher and that the failure to address it constituted knowing or reckless inaction with respect to the risk of exposure in violation of his right to privacy.

In support of his claim, Ryan relies on *Canedy v. Boardman*, 16 F.3d 183 (7th Cir. 1993), for the proposition that prisoners retain some right to privacy.[1] In that case, the Seventh Circuit Court of Appeals held that female correctional officers working in male correctional facilities by itself did not violate prisoners' right to privacy, stating that:

---

[1] The Supreme Court of the United States has held that prisoners do not have a right to privacy under the Fourth Amendment but that the Eighth Amendment protects against harassing conduct unrelated to institutional needs, which might include unwarranted strip searches or orders to perform or to submit to humiliating acts. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir. 1995). Because Ryan is a pretrial detainee, his limited right to privacy likely arises under the Fourteenth Amendment rather than the Eighth Amendment, but this distinction does not meaningfully affect the analysis because a single, brief, inadvertent exposure does not amount to punishment, whether cruel and unusual or not. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

> [P]at-down searches and occasional or inadvertent sighting by female prison employees of inmates in their cells or open showers do not violate the inmates' right to privacy. But that right is violated where this observation is more intrusive (like a strip search, in the absence of an emergency) or a regular occurrence.

The court finds that the reasoning in *Canedy* applies here with equal force. The amended complaint describes only an isolated and inadvertent exposure that was not nearly so intrusive as a strip search. Therefore, the amended complaint does not suggest that the defendants violated Ryan's right to privacy.

Further, the amended complaint does not indicate that the defendants possessed a purposeful, knowing. or reckless state of mind with respect to the exposure. As set forth in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015):

> Consider the series of physical events that take place in the world—a series of events that might consist, for example, of the swing of a fist that hits a face, a push that leads to a fall, or the shot of a Taser that leads to the stunning of its recipient. No one here denies, and we must assume, that, as to the series of events that have taken place in the world, the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind. That is because, as we have stated, "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." Thus, if an officer's Taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing him harm, the pretrial detainee cannot prevail on an excessive force claim. But if the use of force is deliberate—*i.e.*, purposeful or knowing—the pretrial detainee's claim may proceed. In the context of a police pursuit of a suspect the Court noted, though without so holding, that recklessness in some cases might suffice as a standard for imposing liability. Whether that standard might suffice for liability in the case of an alleged mistreatment of a pretrial detainee need not be decided here; for the officers do not dispute that they acted purposefully or knowingly with respect to the force they used against Kingsley.

The conduct described by Ryan more closely resembles the accidental firing of a Taser or an unintentional fall than an intentional use of force or a high speed vehicle chase

where it is readily apparent that significant harm is substantially likely to occur.[2] While the defendants may have been aware of the possibility of exposure in some sense, the amended complaint does not suggest that they were aware that significant harm was substantially likely to occur. Nor is there any allegation in the amended complaint to suggest the existence of official conduct that "shocks the conscience and violates the decencies of civilized conduct" as required to state a valid substantive due process claim under the Fourteenth Amendment. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

Additionally, the court observes that the duty to mitigate damages apply to Section 1983 claims. *See Smith v. Rowe*, 761 F.2d 360, 367 (7th Cir. 1985). The amended complaint does not include the precise physical details of the recreational area or bathroom or the facility rules and regulations, but it does suggest that he entered the bathroom at least partially clothed and thus could have limited his exposure by remaining so clothed or by covering himself. Likewise, plaintiffs proceeding under Section 1983 must demonstrate proximate cause of the injury or that "the injury is of a type that a reasonable person would see as a likely result of his or her conduct." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012). While an unlocked door might foreseeably result in some exposure, it seems unreasonable to expect the

---

[2] Courts have also held that other types of tortious conduct, including medical malpractice by prison medical staff, slippery stairways in prisons, and motor vehicle accidents, are not actionable constitutional violations. *See e.g., Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014); *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996).

defendants to have foreseen that members of the general public would record it and disseminate it on social media.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim upon which relief may be granted.

SO ORDERED on May 11, 2020

        /s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT